# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### NOVEMBER TERM, 1906.

---

AUGUST SEASTREAM et al., complainants-appellants,

*v.*

NEW JERSEY EXHIBITION COMPANY, respondent-defendant.

[Submitted December 11th, 1906.   Decided March 4th, 1907.]

1. A decree of the court of chancery adjudging one guilty of contempt of that court in attempting to improperly influence the due administration of justice therein, rendered in proceedings instituted solely for the purpose of vindicating the dignity and authority of the court, is not reviewable except for want of jurisdiction in the court.

2. A proceeding to punish for contempt was begun by an order directing the accused persons to appear in court at a time specified and show cause why they should not be adjudged guilty. The order was based on affidavits setting forth the acts charged as contempt, consisting of an attempt to improperly influence the administration of justice in such court. The order and affidavits were served on them. On the return day

proofs were taken on the charges and in defence thereof.—*Held*, that as the persons were informed of the charges, and were afforded an opportunity to meet them, the court had jurisdiction of the proceeding.

3. Where one charged with contempt of court voluntarily offered himself as a witness on the hearing, and was examined by his counsel, and submitted without objection to cross-examination by counsel appointed by the court to prosecute the charge against him, he could not urge that the court subjected him to examination and cross-examination without authority.

4. A vice-chancellor has authority as a master of the court of chancery to take testimony of witnesses produced before him in a proceeding to punish one for contempt of the court of chancery, and submit the same to the chancellor for adjudication.

On appeal of Griffiths and others, from a decree of the court of chancery, reported in *69 N. J. Eq. (3 Robb.) 15.*

*Mr. Warren Dixon,* for the appellants.

*Contra, Mr. Frank P. McDermott* and *Mr. Robert H. Mc-Carter,* attorney-general.

The opinion of the court was delivered by

Gummere, Chief-Justice.

The appeal in the present case is from a decree in chancery adjudging the appellants guilty of contempt of that court in attempting to improperly influence the due administration of justice therein in the above-stated cause, and imposing upon each of them a fine of a specified amount.

Two reasons are assigned for reversing the decree—*first,* that the court of chancery was without jurisdiction to make it; and *second,* that it was not justified by the proofs submitted to the court.

The second ground cannot be availed of on appeal. The proceeding was instituted solely for the purpose of punishing the alleged contemners, to vindicate the dignity and authority of the court. Such a proceeding is not reviewable by an appellate tribunal, except for the lack of jurisdiction in the court in which the proceeding is had. *Dodd* v. *Una, 40 N. J. Eq. (13 Stew.) 714; Frank* v. *Herold, 64 N. J. Eq. (19 Dick.) 371.*

Turning to the consideration of the other reason assigned for a reversal of the decree—namely, lack of jurisdiction—it needs no argument to demonstrate that the court of chancery has jurisdiction to investigate an alleged attempt to improperly influence the due administration of justice in a case pending before it, and to punish the offenders if they are proved to be guilty. In fact it is not contended otherwise by the appellants. The principal ground upon which they assert lack of jurisdiction is that they were never informed of the specific charge made against them, nor afforded an opportunity to meet it. Our examination of the case satisfies us that the fact is otherwise. The proceeding was begun by an order which directed the several appellants to appear in court at a time specified, and show cause why they, or some of them, should not be adjudged guilty of contempt in attempting to improperly influence the due administration of justice in the above-cited cause. This order was based upon affidavits which plainly set forth the acts charged against them. Both the order and the affidavits upon which it was founded were served on each of the appellants. Upon the return day of the order proofs were taken before one of the vice-chancellors in substantiation of the facts set forth in the affidavits, and afterward the appellants submitted testimony in denial of those facts. It is difficult to conceive how a more complete opportunity could have been afforded them of knowing the exact nature of the charge against them and of meeting it.

It is further asserted that the proceeding was *coram non judice,* "because the accused appellants were not called before the court of chancery to respond, but were brought before his honor, Vice-Chancellor Pitney, who subjected them to examination and cross-examination without authority."

This assertion, like the preceding one, is not borne out by the fact. It is true that, upon the return day of the order, the chancellor himself was not present in court, and that Vice-Chancellor Pitney sat in his stead. It is also true that the testimony in support of, and in contravention of, the charges which were the subject-matter of the proceeding was taken before him. It is not true, however, that the learned vice-chancellor subjected the appellants to examination and cross-examination without

authority. They, each of them, offered themselves as witnesses in their own behalf, voluntarily, and were examined by their respective counsel. They submitted themselves, without objection, to cross-examination at the hands of counsel appointed by the court to prosecute the charges against them. Even if it be assumed, as argued by counsel for the appellants, that the learned vice-chancellor was without power to hear and determine the subject-matter of the investigation (although we incline to the view that such assumption is unwarranted), he, nevertheless, had full authority, as a master of court, to take the testimony of the witnesses produced before him, for the purpose of having it transcribed and submitted to the chancellor for his consideration and adjudication. And this, in fact, was the course pursued by him. In order to avoid any challenge to the existence of power upon his part to pass upon the matter of the alleged contempt of the appellants, he submitted the whole of the testimony taken before him to the chancellor himself, and the latter officer, after an independent examination of that testimony, and upon his own judgment, without advice from the vice-chancellor, made the decree appealed from. The legality of such a course of proceeding seems to us too plain to be questioned.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—15.

*For reversal*—None.