IN THE MATTER OF EDWARD SZCZEPANIK, MAYOR OF
MONROE TOWNSHIP, MIDDLESEX COUNTY.

IN THE MATTER OF GEORGE DANTON, TAX COLLECTOR
OF MONROE TOWNSHIP, MIDDLESEX COUNTY.

Argued April 3, 1962—Decided June 4, 1962.

504

Mr. David J. Goldberg, Deputy Attorney General, for the orders.

*Mr. David J. Goldberg,* Deputy Attorney General, for the orders.

*Mr. John E. Toolan* argued the cause for respondents (*Messrs. Toolan, Haney & Romond,* attorneys).

The opinion of the court was delivered

PER CURIAM. We issued orders to the respondents Edward Szczepanik and George Danton directing them to show cause why they should not be adjudged guilty of contempt of this court. The conduct with which they were charged consisted of attempting to impede and obstruct an investigation by the Administrative Director of the Courts of the administration of the Municipal Court of Monroe Township, Middlesex County, by advising and requesting the former magistrate to remain silent and not to tell the truth, so as not to implicate the respondents and others. The matter was referred to Honorable Robert A. Matthews for hearing and report. Upon the filing of the report by Judge Matthews, the cause was argued before us.

The investigation related to extensive "fixing" of motor-vehicle tickets. Both respondents were heretofore charged with contempt of the municipal court because of interference with the outstanding summonses to motorists. *R. R.* 8:10–2; *In re Mattera,* 34 *N. J.* 259, 275 (1961). Szczepanik was convicted and fined. Danton was acquitted. The matter now before us involves alleged efforts by respondents to impede the investigation which ultimately led to the charges against them to which we have just referred.

Judge Matthews found that although neither respondent in so many words urged the former magistrate to be silent, nonetheless their conduct was calculated to induce him to withhold what he knew. The explanation of respondents that their actions were intended solely to console the former magistrate cannot be believed. We think it plain they

offered him the prospect that political intervention would nullify the probe, or, failing that, the prospect of another job, to the end that the others involved, including Szczepanik, who was the mayor and a leading culprit in the fixing, would not be revealed.

The troublesome question is whether the misconduct is punishable in these proceedings. The issue is not whether the facts constitute the common-law offense of obstructing justice, 3 *Wharton's Criminal Law and Procedure* § 1281, *p.* 628 (1957), for which an indictment will lie under *N. J. S.* 2A:85-1; *State v. De Vita,* 6 *N. J. Super.* 344 (*App. Div.* 1950), or a conspiracy to that end, *N. J. S.* 2A:98-1h. Rather the question is whether the facts reveal a contempt of court which may be punished summarily, *i. e.,* without indictment or trial by jury.

The probe of the municipal court was initiated by the county prosecutor. Respondents' conduct commenced in response to the publicity which resulted. It continued until after the Administrative Director commenced his examination, see *N. J. S.* 2A:12-3(g), and ended before we, on March 7, 1960, formally ordered an investigation. Thus the misconduct antedated the order of this court.

 The summary contempt power, as stated in *N. J. S.* 2A:10-1, extends, so far as need be noted for present purposes, to misbehavior "in the actual presence" of a court and to disobedience or resistance to its orders. The conduct here proved did not occur in our presence. Nor can it be said to have obstructed our order, which, as we have said, had not as yet been entered. We need not canvass the constitutional limits of the summary power. See *Dept. of Health v. Roselle,* 34 *N. J.* 331, 340-341 (1961). We are constrained to hold in the present circumstances that the misconduct was beyond the reach of a summary proceeding. For that reason the orders to show cause are discharged.

JACOBS and HALL, JJ. (dissenting). The majority finds that the evidence plainly supports the charge that the

respondents attempted to obstruct the investigation of ticket fixing in Monroe Township. However, it declines to find them guilty of contempt because no formal order for investigation had been entered until after the attempt had occurred. But long before that time the Supreme Court had, in fact, authorized and directed the investigation by its Administrative Director and Standing Master, and when the respondents engaged in their interfering conduct they knew that the investigation was well under way. We cannot bring ourselves to believe that the court's cautious and restrained exercise of its contempt power may soundly be considered as dependent upon the entry of the formal order of March 7, 1960. Indeed, if no such formal order had ever been entered, the respondents' offensive attempt to thwart the investigation by an arm of the court would nonetheless clearly tend to obstruct and impair the due administration of justice and constitute a contempt of court within the long line of pertinent judicial expressions in our State. See *State v. Doty*, 32 *N. J. L.* 403, 404 (*Sup. Ct.* 1868); *In re Hendricks*, 113 *N. J. Eq.* 93, 95 (*E. & A.* 1933); *In re Baker*, 8 *N. J.* 321, 336 (1951); *cf. Campbell v. Fort*, 3 *N. J. L. J.* 157 (*Ch.* 1880); *Seastream v. New Jersey Exhibition Co.*, 72 *N. J. Eq.* 377 (*E. & A.* 1907); *In re Bowers*, 89 *N. J. Eq.* 307, 309 (*Ch.* 1918); *In re Megill*, 114 *N. J. Eq.* 604, 614 (*Ch.* 1933); *In re Jeck*, 26 *N. J. Super.* 514, 520 (*App. Div.* 1953), certif. denied 13 *N. J.* 429 (1953); *In re Bozorth*, 38 *N. J. Super.* 184, 188 (*Ch. Div.* 1955); *Van Sweringen v. Van Sweringen*, 22 *N. J.* 440, 445 (1956). Although the majority cites *N. J. S.* 2A:10–1, it seems sufficient, for present purposes, to refer to the explicit legislative direction that nothing therein shall be deemed to affect the court's inherent jurisdiction to punish for contempt. *Cf. In re Caruba*, 139 *N. J. Eq.* 404, 427 (*Ch.* 1947), affirmed 140 *N. J. Eq.* 563 (*E. & A.* 1947), petition denied 142 *N. J. Eq.* 358 (*Ch.* 1948), *cert.* denied 335 *U. S.* 846, 69 *S. Ct.* 69, 93 *L. Ed.* 396 (1948); *In re Bowers, supra.* See *Toft v.*

*Ketchum,* 18 *N. J.* 280, 287 (1955), affirmed on reargument 18 *N. J.* 611 (1955), *cert.* denied 350 *U. S.* 887, 76 *S. Ct.* 141, 100 *L. Ed.* 782 (1955).

PROCTOR, J., concurring in result.

*For discharge of orders*—Chief Justice WEINTRAUB, and Justices FRANCIS, PROCTOR, SCHETTINO and HANEMAN—5.

*For holding in contempt*—Justices JACOBS and HALL—2.