126 N.J. Super. 103 (1973)
312 A.2d 881
IN THE MATTER OF MICHAEL CALLAN, HARRIS DAVID AND GERALD CLARK, CHARGED WITH CONTEMPT OF COURT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1973.
Decided December 17, 1973.
Before Judges LEONARD, ALLCORN and CRAHAY.
Ms. Annamay T. Sheppard and Mr. Dickinson R. Debevoise argued the cause for appellants.
Mr. Ralph J. Jabbour, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County *104 Prosecutor, attorney; Mr. Francis John Badach, Assistant Prosecutor, of counsel).
An amicus curiae brief was filed by Mr. Stanley C. Van Ness, Public Defender (Mr. Robert Westreich, Assistant Deputy Public Defender).
An amici curiae brief was filed by Mr. Frank Askin, Esquire, c/o Constitutional Litigation Clinic, for the following amici: Commission on Law & Social Action of the New Jersey Region of American Jewish Congress; The National Conference of Black Lawyers; The National Legal Aid and Defenders Association; The New Jersey Legal Services Project Directors Association; The American Civil Liberties Union of New Jersey; The Student Bar Association, Rutgers University School of Law, Newark, New Jersey.
PER CURIAM.
Appellants, all members of the bar, appeal from a judgment of conviction of contempt of court, from the trial court's denial of their motion to vacate the judgment and from the sentences imposed. Each was sentenced to 30 days in the county jail, which sentence was suspended and each was placed on one year's probation and fined $500.
Appellants raise the following legal contentions:
I  They were denied fundamental procedural due process in that they were never apprised with sufficient certainty of the nature and cause of the accusation against them.
II  They were denied their right not to be proceeded against summarily for contempt except by a member of the judiciary.
III  Assuming that the charge tried by the prosecutor was properly within the order to show cause then the trial court had no jurisdiction in the matter because the prosecutor charged nothing more than a violation by an attorney of a disciplinary rule.

*105 IV  The State failed to charge an offense under the summary contempt power as defined by In Re Szczepanik, 37 N.J. 503 (1962).
V  The trial court committed prejudicial error by applying a definition of the offense of contempt manifestly erroneous under State law.
VI  The substantive common law standard for the offense of contempt is vague and indefinite in violation of the due process clause of the Fourteenth Amendment.
VII  They fully complied with the disciplinary rules.
VIII  If their professional conduct was in compliance with the disciplinary rules, then they could not properly be convicted for contempt on the basis of such conduct consistent with the due process clause of the Fourteenth Amendment.
IX  They cannot properly be convicted of contempt of court for failure to disclose information which they had a legal obligation not to disclose.
X  The evidence adduced in this case does not disclose a contempt.
XI  If this court finds appellants guilty of contempt, a sentence less harsh than that imposed below is appropriate.
We conclude that all of the above contentions and the arguments raised in support thereof, including the similar points urged in the amicus curiae brief of the Public Defender, are without merit.
Pursuant to our appellate responsibility, we have reviewed the evidence herein de novo on the record. We concur in the legal and factual findings below, as well as the determination of the guilt of each of the defendants of contempt of court beyond a reasonable doubt. The record clearly establishes that defendants each had notice of the wrongful diversion of the funds approximately 36 hours before the November 17, 1972 court hearing and were authorized by their clients to disclose the same at least 24 hours before that hearing.
*106 Further, upon the whole record, we agree with the sentence imposed on each by the trial court and those sentences are herewith incorporated by reference into this determination. See Bd. of Ed. of Newark v. Newark Teachers Union, 114 N.J. Super. 306, 316, 318 (App. Div. 1971).
Affirmed.