**SUPER TIRE ENGINEERING COMPANY**

v.

**BANDAG INCORPORATED.**

Civ. A. No. 81–4924.

United States District Court, E.D. Pennsylvania.

April 26, 1983.

S. Gordon Elkins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

Philip M. Hammett, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This is a diversity action in which plaintiff, Super Tire Engineering Company, seeks to recover damages from defendant, Bandag Incorporated, for defendant's alleged breach of the parties' franchise agreement. Plaintiff has moved to compel the production of certain documents withheld by defendant on the grounds that they are protected from discovery by the attorney-client privilege.

Under Rule 501 of the Federal Rules of Evidence, a federal court sitting in diversity applies the privilege law that the courts of the forum state would apply. *Samuelson v. Susen,* 576 F.2d 546, 549 (3d Cir.1978). Because Pennsylvania has adopted the "interest analysis" approach to conflicts of law questions, a Pennsylvania federal court trying a diversity case must look to the privilege law " 'of the predominantly concerned jurisdiction, measuring the depth and breadth of that concern by the relevant contacts each affected jurisdiction had with . . . "the policies and interests underlying the particular issue before the court." ' " *Id.* at 551 (quoting *Suchomajcz v. Hummel Chemical Company,* 524 F.2d 19 (3d Cir. 1975)).

The attorney-client relationship relevant to this case arose in Iowa, the state of Bandag's corporate headquarters. Accordingly, a Pennsylvania court ruling on the question whether these documents are protected would look to the privilege law of Iowa to answer that question. *See Petruska v. Johns-Manville,* 83 F.R.D. 32 (E.D.Pa. 1979).

The Iowa statute makes privileged "any confidential communication properly entrusted to [the attorney] in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline." Iowa Code Ann. § 622.-10 (West 1975). The burden of proof with respect to privilege is on the party asserting it. *Bailey v. Chicago, Burlington and Quincy R.R. Co.,* 179 N.W.2d 560 (Iowa 1970). The privilege does not attach to communications also transmitted to third parties, to communications the attorney is under a duty to make public, or to communications contained in a pleading or other document filed of record or publicized in some other manner on behalf of the client. *Id.* at 564.

Plaintiff concedes that to the extent the documents it seeks reiterate any prior confi-

dential client communications, those portions of the documents are privileged. Plaintiff argues, however, that communications running from attorney to client which do not repeat communications related by the client are not privileged.

As the parties have pointed out in their memoranda, Iowa case law on the issues presented here is sparse. But since the Iowa Supreme Court looks to treatises, see, e.g., *Bailey*, 179 N.W.2d at 563–64, and to non-Iowa decisions, see *id.; Olsson v. Pierson*, 237 Iowa 1342, 25 N.W.2d 357 (1946), in addressing attorney-client privilege questions not answered by Iowa case law, it is appropriate for this court to look to the same sources in undertaking to determine what an Iowa court would do if this case were being tried there.

■ In *Barr Marine Products Co. v. Borg-Warner Corp.*, 84 F.R.D. 631, 634–35 (E.D.Pa.1979), Chief Judge Lord summarized the state of the law with respect to attorney-client privilege in a corporate setting: [1]

*First,* confidentiality is essential to protected communications. Accordingly, communications made in the presence of or transmitted to third parties are not protected, and legal advice based on facts revealed to the attorney by third parties is not a privileged communication.

*Second,* the communication must be between client and the attorney in his or her capacity as an attorney rather than as, for example, a business advisor; the communication's primary purpose must be to gain or provide legal assistance. The privilege is not necessarily lost, however, when some non-legal information is included in a communication seeking or giving legal advice.

*Third,* business communications will not be protected from discovery because they were directed to an attorney.

Applying the standards articulated above to the documents submitted for *in camera* examination, I have divided them into three categories—privileged, partially privileged, and non-privileged:

PRIVILEGED DOCUMENTS:

■ Of the documents listed in "Plaintiff's Second Request for Production of Documents" and withheld as privileged by defendant, the following are privileged:

1. Document No. 26, a letter dated September 9, 1970, from George T. Mobille, defendant's outside counsel, to defendant's president, Stephen A. Keller, forwarding Mobille's draft of a letter to a third party for Keller's approval. This document constitutes legal advice.

2. Document No. 37, a letter from George Mobille to Stephen Keller dated April 3, 1970, accompanied by two legal memoranda. The letter gives legal advice based on facts related by the client; the memoranda supplement the legal advice offered in the letter.

3. Document No. 42, a letter from William Bullinger (an attorney in George Mobille's firm) to Stephen Keller dated December 10, 1971, accompanied by a memorandum that gives legal advice.

4. Document No. 44, a letter dated January 4, 1974 from defendant's former president, Harker Collins, to George Mobille. It seeks legal advice.

5. Documents Nos. 29, 39, 45, 48, 50, 55, 59, and 64, all of which are letters from George Mobille directed or copied to Harold Vischer, Executive Vice President of Bandag, Harker Collins, or Stephen Keller. The letters either give legal advice or disclose facts communicated to counsel by these members of the corporate control group.

Of those documents listed in plaintiff's Exhibit A (*see* plaintiff's further motion to

---

1. In determining to which corporate employees the privilege should be extended on the corporation's behalf, Judge Lord used the so-called "control group" test adopted by the Third Circuit in *In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir.1979). In *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the Court expanded the privilege beyond the control group to include communications to counsel by non-control group employees when made at the direction of corporate superiors for the purpose of securing legal advice for the corporation.

compel production of documents) and withheld as privileged by defendant, the following are privileged:

1. Document No. 1, which is a copy of one of the memoranda included in the description of Document No. 37 above.

2. Document No. 3, a memorandum from William Bullinger to George Mobille dated April 6, 1970, and delivered to Bandag to supplement the legal advice offered in Mobille's April 3, 1970 letter to Stephen Keller.

3. Document No. 4, a memorandum giving legal advice prepared for Bandag by other counsel, Jim Barnes of Baker & McKenzie.

4. Document No. 6, a letter dated January 2, 1969 from Mobille to Keller, accompanied by a legal memorandum that gives legal advice in response to client inquiries.

5. Document No. 8, a memorandum supplementing the memorandum of January 2, 1969.

6. Documents Nos. 2, 7, 9 and 10, all of which are letters from counsel to Stephen Keller, giving legal advice based on client questions. Document No. 2 is a letter from George Mobille (the same letter included in Document No. 37 above). No. 7 is a letter from Peter Powles at Baker & McKenzie, dated March 3, 1969. No. 9 is a letter from George Mobille dated February 18, 1967. No. 10 is a letter from Gordon T. Roberts, a Boston attorney, dated January 10, 1968.

PARTIALLY PRIVILEGED DOCUMENTS:

■ Of the documents listed in plaintiff's Exhibit A and withheld as privileged by defendant, Document No. 5 is partially privileged. The cover letter from Mobille to Keller offers legal advice, as does the draft agreement enclosed with it. Those items are privileged. The news release referred to in the letter and enclosed with the other items is not privileged.

NON–PRIVILEGED DOCUMENTS:

■ Of the documents listed in "Plaintiff's Second Request for Production of Documents" and withheld as privileged by defendant, the following are not privileged:

1. Document No. 3, a letter from Carol A. Lawson, defendant's coordinator of franchise activities, to George Mobille, forwarding a file. Defendant has not met its burden to show that Ms. Lawson is an individual to whom the privilege should be extended on the corporation's behalf.

2. Document No. 27, a letter to Paul Sternberg, from George Mobille, dated October 17, 1981 and enclosing a draft of a notice to be sent to all dealers. Copies of these items were sent to Mr. Charles E. Edwards. Defendant has not identified Charles Edwards and thus has not met its burden to show that the privilege should be extended to him on the corporation's behalf.

3. Document No. 60, a letter from George Mobille to Harold Vischer, with a copy to Harker Collins. It offers no legal advice and it does not disclose facts related to him in confidence by the corporation.

*Conclusion*

In an accompanying Order, it is directed that within one week from the date of filing of the Order, defendant is to supply to plaintiff all items listed under the caption "Non-Privileged Documents" plus the news release enclosed within Document No. 5.

ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that defendant shall within one week from the date of filing of this Order supply to plaintiff copies of all items listed in the Memorandum under the caption "Non-Privileged Documents" plus the news release enclosed within Document 5.