192 N.J. Super. 556 (1983)
471 A.2d 788
NANC E. FELLERMAN, PLAINTIFF-RESPONDENT,
v.
FRANCIS J. BRADLEY, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1983.
Decided December 5, 1983.
*557 Before Judges ANTELL, JOELSON and McELROY.
Ferro and Ferro, attorneys for appellant (Nancy C. Ferro on the brief).
The opinion of the court was delivered by JOELSON, J.A.D.
The facts underlying this appeal are set forth in detail in Fellerman v. Bradley, 191 N.J. Super. 73 (Ch.Div. 1983). Briefly stated, the trial court entered a consent order in a matrimonial matter. In that order, the court appointed a certified public accountant to examine and report on defendant's finances, and directed that the initial cost of such accounting service should be *558 borne by defendant. When defendant failed to pay the accountant's initial bill of $375, the trial judge wrote a letter to defendant's attorney seeking defendant's address. The attorney responded by acknowledging that he knew defendant's address, but refusing to divulge it in order to "... observe the confidentiality of the lawyer-client relationship." Thereupon, the trial judge ordered defendant's counsel to appear before him and "... disclose the residence and business address of defendant." This is defendant's appeal from that order. We are of the opinion that there is no statute or disciplinary rule justifying the attorney's refusal to reveal the address of defendant. Therefore, we affirm.
The brief submitted on behalf of defendant correctly states that the attorney-client privilege, long a part of the common law, is explained in 8 Wigmore, Evidence (McNaughton rev. 1961), § 2292 as follows:
Where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal advisor, except the protection may be waived.
An examination of N.J.S.A. 2A:84A-20(1) enacted by the Legislature as Evid.R. 26 indicates that it is largely declaratory of the common law. Thus, the statute expresses the "[g]eneral rule" that "... communications between a lawyer and his client in the course of that relationship and in professional confidence, are privileged...." However, N.J.S.A. 2A:84A-20(2) lists the "[e]xceptions" to this general rule. The first such exception, N.J.S.A. 2A:84A-20(2)(a), provides that the privilege shall not extend "... to a communication in the course of legal service sought or obtained in aid of the commission of a crime or a fraud...."
Because the record is sparse as to the circumstances of defendant's conversation with his attorney leading to the request for nondisclosure of defendant's address we encounter difficulty in determining whether the client's communication fell within the general rule of the privilege. The attorney-client *559 privilege "... is to be strictly limited to the purposes for which it exists, i.e., the need for consultation between attorney and client without fear of public disclosure." State v. Humphreys, 89 N.J. Super. 322, 325 (App.Div. 1965). However, we need not here determine the question of whether the communication was in the context of what might generally be considered the attorney-client relationship because we are satisfied that, in any event, the communication fell within the exception of N.J.S.A. 2A:84A-20(2)(a) concerning legal services sought or obtained in aid of the commission of a crime or fraud.
It is clear that defendant directed his attorney not to reveal his address in an attempt to flout the court order. That attempt is even more deplorable because the order was by consent. Since defendant's obligation to obey the court order is a continuing one, his effort to engage his lawyer in the disobedience of that order must also be regarded as continuing. It was stated in In re Callan, 122 N.J. Super. 479, 496 (Ch.Div. 1973) that the word "fraud" as used in N.J.S.A. 2A:84A-20(2)(a) and Evid.R. 26(2)(a) is not limited to "conventional notions of tortious frauds." Although that case was affirmed by us, 126 N.J. Super. 103 (App.Div. 1973), it was eventually reversed by the Supreme Court, 66 N.J. 401 (1975). We need not here discuss in detail the facts of that case. It is sufficient that we note that the Supreme Court did not disavow the statement that for purposes of the exception to the lawyer-client privilege, conventional tortious fraud need not be present. Indeed the Court appears to have accepted the concept, at least impliedly. Therefore, being satisfied as to the reasonableness and sound public policy of the concept, we adopt it here. The attorney-client privilege, while extremely important, is not sacrosanct. In re Kozlov, 79 N.J. 232, 242 (1979). We note also that except in the extraordinary circumstances of In re Kozlov, supra it has generally been held that the privilege is not intended to permit concealment by the attorney of his client's identity. In re Richardson, 31 N.J. 391, 397 (1960); State v. Toscano, 13 N.J. 418 (1953). We perceive a *560 similarity between the divulging of a client's identity and the divulging of his address.
Nor do we find merit in the contention of defendant that "DR 4-101 precludes defendant's counsel from revealing defendant's address." Although DR 4-101(B) provides that a lawyer shall not knowingly reveal a confidence or secret of his client, that prohibition is expressly made subject to DR 4-101(C). Under DR 4-101(C)(2), a lawyer may reveal confidences or secrets "... when ... required by law or court order." Here there was such a court order. Defendant asserts that the exception provided by DR 4-101(C)(2) is not applicable "... because the order must be valid, otherwise a court order could defeat the privilege under any circumstances." Of course, defendant had the right to contest the validity of the order as he is doing in this appeal. However, since we have found the order to have been valid, the exception applies.
Simply stated, we are being asked here by defendant to permit his attorney to assist him in a patent continuing avoidance of a court order. This we shall not do. We refuse to legitimize the effort of defendant to have his attorney, an officer of the court, participate in undermining the authority of the court. In the trial judge's opinion, 191 N.J. Super. at 84 the judge persuasively referred to the opinion of Justice Cardozo in Clark v. United States, 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993, 1000 (1933). The words of Justice Cardozo are quoted at length in In re Selser, 15 N.J. 393 (1954). We include only an excerpt here:
... There is a privilege protecting communications between attorney and client. The privilege takes flight if the relation is abused. A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law. He must let the truth be told.... [at 402]
In closing, we need mention only briefly the argument advanced by defendant that the certified public accountant whose fee he was ordered to pay was thereby given a "preferred creditor status." This is not an appeal from the order directing the payment of the accountant's fee. Rather, it is an appeal *561 from the court's order compelling the attorney to disclose defendant's address. Nor does it appear that any of defendant's creditors object to the payment of the $375 fee. The issue raised is clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.