OPINION OF THE COURT
Jacqueline W. Silbermann, J.
Plaintiff wife moves by order to show cause seeking a court-appointed appraiser and an order fixing the appraiser’s fees pro rata.
The parties in this case have been married for approximately 41 years. Seemingly that is the only fact that counsel and the parties are able to agree upon at this time.
The defendant husband is in the real estate business. His wife calls his business a "vast real estate empire” and places its value at $300 million. Supporting her contentions are some newspaper articles. One is from the New York Times putting defendant’s worth at $300 million. Another article from a Florida paper links defendant’s name to a joint venture with Terry Stiles in West Palm Beach, Florida. That project alone *776 is reported to cost $150 million over 10 years. The defendant claims that his assets have an "equity value” of $30 million.
Moreover, the discovery in this case has progressed at an extremely slow rate. Defendant husband’s net worth statement was served approximately eight months after the action was commenced. Plaintiff wife also complains of the defendant’s failure to produce any documentary evidence, even at the plaintiff’s deposition which is currently proceeding.
Plaintiff wife requests that this court exercise its equitable jurisdiction to appoint an appraiser for the court so that this extremely complex case can be better evaluated by the court. She also asserts that discovery will be hastened by this means. There appears to be no reported cases in New York on this subject. In our sister State, New Jersey, appraisers for the court have been appointed. (See, Fellerman v Bradley, 191 NJ Super 73, 465 A2d 558 [1983], affd 192 NJ Super 556, 471 A2d 788.) Fellerman (supra) which cites Rothman v Rothman (65 NJ 219, 320 A2d 496 [1974]): "mandates that the matrimonial judge determine each asset’s value for the purpose of equitable distribution and that an accountant will sometimes be needed to achieve that purpose. The use of a court-appointed expert accomplishes that stated purpose and does so more efficiently than if each party employed their own. On behalf of the court, he garners the assets and objectively evaluates them. He is not considered anyone’s 'hired gun’ and so disputes regarding his methodology or data base are typically few in number and easily resolved to everyone’s satisfaction. In fact, his unique position has been shown to be significant in prompting settlement. Family Advocate (ABA Family Law Section, vol. 4, No. 3 Winter 1982, page 12). The over-all effect is that the costs to litigants are minimized, preserving more of the marital estate, and the likelihood of a negotiated accord is maximized, thereby greatly reducing trial time.” (Supra, 191 NJ Super, at 77-78, 465 A2d, at 560.)
In view of the extremely complex valuation issues herein, this court in the exercise of its equitable power appoints J. Clarence Davies Realty Co., Inc., 200 Madison Avenue, New York, N. Y. 10016, telephone number (212) 661-2244, as appraiser. His retainer shall be paid equally (i.e., 50%-50%) by the parties with the remainder of his fee, if any, to be apportioned by the court at the time of trial. The court will also determine at trial if any adjustment in the proportionate shares of the retainer paid should be made.