**Maryanne McNULTY**

v.

**BALLY'S PARK PLACE, INC.**

Civ. A. No. 87–4728.

United States District Court,
E.D. Pennsylvania.

March 25, 1988.

---

**28**

Philip A. Yampolsky, Philadelphia, Pa., for plaintiff.

George E. Rahn, Alison M. Benders, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court on the plaintiff's Motion to Compel Production of Documents. Specifically, the plaintiff is seeking: statements made by her to the defendant, its agent, employee or insurance carrier; a statement made by an eye-witness, Thomas John Mesman, to Nancy Johnson, an insurance adjuster for the plaintiff, on March 18, 1986; and an opinion letter from the defendant's outside counsel to the defendant, regarding the demarcation of property lines and maintenance responsibilities between the defendant and the municipality of Atlantic City.

With regard to that part of the plaintiff's motion which seeks her own statements made to the defendant, its agent, employee or insurance carrier, the plaintiff is entitled to them. Fed.R.Civ.P. 26(b)(3) states in pertinent part: "A party may obtain without the required showing [of "substantial need" and "undue hardship"] a statement concerning the action or its subject matter previously made by that party." In its Memorandum of Law in Opposition to Plaintiff's Motion to Compel, the defendant maintains that it has, in fact, produced all such statements to the plaintiff. If such is the case, then this part of the plaintiff's motion is moot. If otherwise, however, the defendant is compelled, under the express language of Fed.R.Civ.P. 26(b)(3), to provide the plaintiff with her own statements.

With regard to that part of the plaintiff's motion which seeks Mr. Mesman's statement made to Ms. Johnson on March 18, 1986, the defendant raises the defense of the work product doctrine. Fed.R.Civ.P. 26(b)(3) also applies to this part of the plaintiff's motion and the defense raised by the defendant. The rule states in pertinent part:

"Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means...."

As the court in *Augenti v. Cappellini*, 84 F.R.D. 73 (M.D.Pa.1979) has explained: "Traditionally, the work product of a lawyer in preparation for trial was not subject to discovery and Rule 26(b)(3) extends that immunity to work products not only of lawyers, but to documents prepared '*by* or *for* a party.' In discussion of this Rule in Wright and Miller, Fed.Practice & Procedure (§ 2204, et seq.) it is pointed out that three requisites must exist to call the Rule into play:

1. The material must be documents and tangible things.
2. The material must have been prepared in anticipation of litigation, or for trial.
3. The material must have been prepared by or for a party or by or for the party's representative." (Emphasis in original).

*Id.* at 79.

■ In the instant case, the statement given by Mr. Mesman on March 18, 1986, was transcribed from his telephone conversation with Ms. Johnson and, thus, constitutes a document. When Ms. Johnson spoke with Mr. Mesman, she did so at a time when litigation over plaintiff's fall was a possibility. On March 7, 1986, the plaintiff's attorney had written to the defendant informing it that he represented the plaintiff in connection with "her claims for serious personal injuries and damages sustained as a result of an incident, which occurred on the above captioned date [2/14/86]." This letter stated that the attorney's investigation of the incident and of the plaintiff's injuries and damages "reveals that same were caused as the sole result of a negligent condition which you allowed to exist at the above location [Entrance at Garden Restaurant area]." The letter included a recommendation that the defendant forward the letter to its liability insurance carrier; if no such insurer existed, it was to "advise this office as to your intentions in this matter."

■ Under these circumstances, it would be reasonable to conclude that Mr. Mesman's statement was taken "in anticipation of litigation." "[I]f the prospect of litiga-

tion is identifiable because of specific claims that have already arisen, the fact that litigation is still a contingency at the time the document is prepared has not been held to render this doctrine inapplicable. *Natta v. Hogan*, 392 F.2d 686 (10th Cir. 1968)...." *Congoleum Industries v. GAF Corp.*, 49 F.R.D. 82, 86 (E.D.Pa.1969), *aff'd mem.*, 478 F.2d 1398 (3d Cir.1973). Furthermore, "[t]he anticipated litigation need not actually exist at the time of preparation, and preparatory work or work designed to preclude anticipated litigation may be protected. However, the privilege is not applicable unless some specific litigation is fairly foreseeable at the time the work product is prepared...." *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749, 754 (E.D.Pa.1983). In the instant case, we believe that litigation over the plaintiff's fall was "fairly foreseeable" at the time that Ms. Johnson took Mr. Mesman's statement.

Fed.R.Civ.P. 26(b)(3) also requires that the material sought be prepared "by or for another party or by or for that other party's representative." In the instant case, the defendant has provided us with an affidavit signed by Dennis Venuti, Esquire, its Vice–President and General Counsel. That affidavit states that the defendant's Assistant Vice–President in charge of Properties and Insurance is a member of the defendant's Legal Department and reports directly to the General Counsel. In 1986, Bernard Solomon held that position. At Mr. Venuti's direction, Mr. Solomon would forward investigation of negligence claims to its insurance adjusters. (One of the criteria for deciding whether or not to send a case to the adjuster was whether the defendant had been contacted by an attorney. The defendant believed that such contact indicated a reasonable likelihood of future litigation). Mr. Solomon forwarded this case involving the plaintiff to the insurance adjusters where Ms. Johnson performed the actual investigation. Ms. Johnson reported to Mr. Solomon.

■ In the circumstances outlined above, Ms. Johnson's investigation was being conducted at the instigation and under the

**30**

guidance of the defendant's Legal Department. It was, thus, "prepared ... for" the defendant.[1]

Although the defendant appears to have met all of the criteria required thus far to prevent discovery of Mr. Mesman's statement, its defense under the work product doctrine must yet fail. Under Fed.R.Civ.P. 26(b)(3), discovery may be had upon a showing "that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means...."

In the instant case, the plaintiff is seeking a statement taken from Mr. Mesman one month after the plaintiff's fall. Mr. Mesman is said to be the only eyewitness to this accident. The defendant says that it has already provided the plaintiff with a statement given to it by Mr. Mesman on the evening of the accident, February 14, 1986. The defendant thus questions the plaintiff's "substantial need" of this subsequent statement. The plaintiff, however, contends that without this subsequent statement, she will either be subject to surprise at trial or unaware of further facts beneficial to her case. She further contends that her efforts—by telephone and letter—to contact Mr. Mesman at his residence in Texas have proved fruitless. Most recently, the plaintiff's attorney received a telephone call from Mr. Mesman's relatives, informing him that Mr. Mesman had died.

█ Mr. Mesman was the only eyewitness to the plaintiff's fall. Only two statements were ever given by him; both were to the defendant. The plaintiff's independent efforts to reach Mr. Mesman have proven unavailing. Although Mr. Mesman's death was unverified, the report of it may well be true. Even if Mr. Mesman is still alive, it should be obvious that Mr. Mesman is in a position to conceal his whereabouts (some 1200 miles away) and the plaintiff would endure hardship in trying to trace him. For these reasons, we find that Mr. Mesman's statement to Ms. Johnson on March 18, 1986 is subject to plaintiff's discovery.[2]

Finally, the plaintiff seeks an opinion letter from the defendant's outside counsel to the defendant, regarding the demarcation of property lines and maintenance responsibilities between the defendant and the municipality of Atlantic City. The defendant, in response, raises the attorney-client privilege. When such a privilege is asserted in an action predicated upon diversity of citizenship, a choice of law analysis must be made:

"Under Rule 501 of the Federal Rules of Evidence,[3] a federal court sitting in diversity applies the privilege law that the courts of the forum state would apply. *Samuelson v. Susen*, 576 F.2d 546, 549 (3d Cir.1978). Because Pennsylvania has adopted the 'interest analysis' approach to conflicts of law questions, a Pennsylvania federal court trying a diversity case must look to the privilege law ' "of the predominantly concerned jurisdiction, measuring the depth and breadth of that concern by the relevant contacts each affected jurisdiction had with ... 'the

1. An insurer's claim file itself, prepared after an accident that may generate a possible claim, has been held to be immune from discovery under Fed.R.Civ.P. 26(b)(3), as long as it was prepared in anticipation of litigation and the party compelling discovery is unable to prove "substantial need" and "undue hardship". *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771 (M.D.Pa.1985).

2. Although we find that Mr. Mesman's statement is subject to discovery, we make no determination as to its admissibility at trial.

3. Fed.R.Evid. 501 states:
"Except as otherwise required by the Constitution of the United States or provided by Act of

Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

policies and interests underlying the particular issue before the court.' " ' *Id.* at 551 (quoting *Suchomajcz v. Hummel Chemical Company,* 524 F.2d 19 (3d Cir. 1975))."

*Super Tire Engineering Co. v. Bandag, Inc.,* 562 F.Supp. 439 (E.D.Pa.1983).

■ The attorney-client relationship in the instant case arose in New Jersey, the state of the defendant's incorporation and principal place of business and the state where the law firm consulted by the defendant is located. (See ¶ 5 of Dennis Venuti, Esquire's, Affidavit). Such being the case, a Pennsylvania court, ruling on whether this opinion letter is protected, would look to the privilege law of New Jersey.

New Jersey addresses the attorney-client privilege by statute. N.J.S.A. § 2A:84A–20 (West 1976) states in pertinent part:

"(1) ... [C]ommunications between lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege (a) to refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it....

.    .    .    .    .

(3) Definitions.  As used in this rule (a) 'client' means a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or the lawyer's representative for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity; ..., (b) 'lawyer' means a person authorized, or reasonably believed by the client to be authorized to practice law in any State or nation the law of which recognizes a privilege against disclosure of confidential communications between client and lawyer.  A communication made in the course of relationship between lawyer and client shall be presumed to have been made in professional confidence unless knowingly made within the hearing of some person whose presence nullified the privilege."

■ Under the statute, then, a corporation is entitled to this privilege. *See also United Jersey Bank v. Wolosoff,* 196 N.J. Super. 553, 483 A.2d 821 (1984). As the Superior Court said in *Fellerman v. Bradley,* 191 N.J.Super. 73, 81, 465 A.2d 558, 562 (1983), *aff'd* 192 N.J.Super. 556, 471 A.2d 788 (1983), *aff'd* 99 N.J. 493, 493 A.2d 1239 (1985):

"Initially the proper prerequisites of the privilege must exist to consider its application; that is, that a client had sought legal advice from an attorney in his capacity as such and that the communication relating to that purpose is offered in confidence. *In re Kozlov,* 156 N.J.Super. 316 [383 A.2d 1158] (App.Div.1978), rev'd on other grounds (79 N.J. 232 [398 A.2d 882] [1979] )."

In the instant case, the affidavit of Dennis Venuti, Esquire, offered by the defendant, states that the defendant, in 1986, requested and received legal advice from a New Jersey law firm regarding its legal obligation to maintain its premises. This opinion letter was procured for the sole use of the defendant's Legal Department and is unrelated to the present litigation. With the exception of defense counsel in the present case, this legal opinion has not been disclosed to anyone outside the defendant's Legal Department or to any employees of Atlantic City or, of any bank, mortgage company or title insurer (Affidavit of Dennis Venuti, Esquire, ¶ s 5, 6, 7 and 8).

■ Under these circumstances, it is clear that the defendant sought and received legal advice from outside counsel in their capacity as attorneys and that such communications were intended to be offered in confidence.[4]  Although the attor-

4.  It would appear that a lawyer's communications made within his professional capacity as a lawyer are entitled to be kept secret. *Wolosoff,* 196 N.J.Super. 553, 563, 483 A.2d 821. The federal courts have consistently held that legal advice or opinion from an attorney to a client—whether individual or corporate—lies within the ambit of the attorney-client privilege. *United States v. Amerada Hess Corp.,* 619 F.2d 980, 986 (3d Cir.1980).

ney-client privilege may be waived,[5] we find that, in the circumstances of the instant case, no waiver has occurred. The plaintiff's speculations about disclosure remain mere speculations. Since the defendant has met New Jersey's criteria for the preservation of the attorney-client privilege, that privilege bars discovery of the opinion letter prepared by outside counsel.

Both parties have requested the court to award it the expenses entailed in preparing or opposing this motion. Fed.R.Civ.P. 37(a)(4). Since the plaintiff's motion has been granted in part and denied in part, the court has discretion in apportioning the reasonable expenses between the parties "in a just manner." In the instant case, the court declines to exercise this discretion and each party will bear its own expenses attendant upon this motion.

An appropriate order follows.

### ORDER

AND NOW, this 25th day of March, 1988, upon the plaintiff's Motion to Compel Production of Documents and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel, it is hereby ORDERED that the plaintiff's motion is GRANTED IN PART and DENIED IN PART:

1. If the defendant has not already done so, the defendant shall provide the plaintiff with copies of the statements made by her to the defendant, its agent, employee or insurance carrier;

2. The defendant shall provide the plaintiff with a copy of the statement made by Thomas John Mesman to Nancy Johnson on March 18, 1986;

3. The opinion letter prepared for the defendant by outside counsel regarding the demarcation of property lines and maintenance responsibilities between the defendant and the municipality of Atlantic City is privileged under the attorney-client privilege and the defendant shall

not be compelled to disclose it to the plaintiff; and

4. Such documents, as have been ordered to be produced, shall be produced within ten (10) days of the date of this ORDER.

---

5. N.J.S.A. § 2A:84A–29 (West 1976) states in pertinent part:

"A person waives his right or privilege to refuse to disclose or to prevent another from disclosing a specified matter if he or any

other person while the holder thereof has . . . (b) without coercion and with knowledge of his right or privilege, made disclosure of any part of the privileged matter or consented to such a disclosure made by anyone. . . ."