**TELTRON, INC., Plaintiff,**

v.

**Bert D. ALEXANDER, Susan G. Hoersten, and Image Devices, Inc., Defendants.**

**Civ. A. No. 90–0225.**

United States District Court, E.D. Pennsylvania.

Oct. 10, 1990.

Joseph M. Donley, Philadelphia, Pa., for defendants.

James R. Wendelgass, Philadelphia, Pa., for plaintiff.

### MEMORANDUM—ORDER

RICHARD A. POWERS, III, United States Magistrate.

Plaintiff filed this breach of contract action on January 11, 1990. Defendants filed their Motion to Strike Plaintiff's Objections to Deposition Questions and Request for Sanctions on August 2, 1990.

On June 28, 1990, defendants attempted to depose Harold A. Siegel, Jr. At that time, counsel for Teltron, Inc., the plaintiff corporation, invoked the attorney-client privilege in objecting to ten (10) questions asked by defense counsel. Mr. Siegel served as outside counsel to the plaintiff corporation from approximately 1983 through 1987. On January 1, 1988, Mr. Siegel assumed the position of Executive Vice–President and in-house counsel. Mr. Siegel became President on March 1, 1988 and continued in that position until he left the employment of plaintiff corporation in June, 1989.

The contract at issue in this matter is a Cooperation Agreement ("Agreement") dated November 30, 1987 in which the defendants appointed the plaintiff corporation as the exclusive agent for the sale of the entire output of defendants' electronic imaging tubes, devices and parts related thereto. When the Agreement was made, Mr. Siegel served as outside counsel to the plaintiff corporation. The alleged breach occurred on or about February, 1988 when Mr. Siegel was Executive Vice–President for the plaintiff corporation.

The purpose of the attorney-client privilege is to encourage full disclosure and open communication between attorneys and their clients. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir.1979). Recognition of the privilege must be determined on a case by case basis. *Upjohn Co.*, 449 U.S. at 383, 101 S.Ct. at 679.

Because the privilege hinders the search for the truth, it must be narrowly construed. *In re Grand Jury Investigation,* 599 F.2d at 1224. The burden of demonstrating the existence of the privilege is on the party asserting it. *Federal Trade Commission v. Shaffner,* 626 F.2d 32 (7th Cir.1980); *Super Tire Engineering Co. v. Bandag, Inc.,* 562 F.Supp. 439 (E.D.Pa. 1983). To satisfy that burden, the proponent must

> supply the court with sufficient information from which it could reasonably conclude that the communication: (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and (4) is at the client's instance permanently protected.

*Federal Trade Commission,* 626 F.2d at 37 (citation omitted). *See also Securities and Exchange Commission v. Gulf and Western Industries, Inc.,* 518 F.Supp. 675 (D.D.C.1981). In other words, the privilege is limited to confidential communications with an attorney acting in his professional legal capacity "for the express purpose of securing legal advice." *Avianca, Inc. v. Corriea,* 705 F.Supp. 666, 676 (D.D.C.1989), quoting *Securities and Exchange Commission v. Gulf and Western Industries, Inc.,* 518 F.Supp. 675, 681–683 (D.D.C. 1989). As a general rule, an attorney who serves a client in a business capacity may not assert the attorney-client privilege because of the lack of a confidential relationship. *United States v. Huberts,* 637 F.2d 630 (9th Cir.1980). Thus, ordinary business advice is not protected. *Sedco International, S.A. v. Cory,* 683 F.2d 1201 (8th Cir.1982).

A careful reading of the entire deposition of Mr. Siegel reveals that the objections numbered 2, 3, 5, 6, 8 and 9 relate to questions seeking information regarding ordinary business activities of the plaintiff corporation. It is unclear whether the first and tenth objections relate to questions seeking business advice, legal advice or both. However, plaintiff has not met its burden of proving the existence of the privilege with respect to any of these objections. The only evidence presented by the plaintiff in support of its position is an affidavit by the plaintiff corporation's Chief Executive Officer, Mr. Mengel. In that affidavit, Mr. Mengel states that Mr. Siegel served the plaintiff corporation as counsel throughout his entire term of employment and the information sought with respect to the aforementioned objections deals with matters handled by Mr. Siegel in his legal capacity.

■ When a corporation seeks to protect communications made by an attorney who serves the corporation in a legal and business capacity, the "corporation must clearly demonstrate that the advice to be protected was given 'in a professional legal capacity.'" *Avianca,* 705 F.Supp. at 676, citing *In re Sealed Case,* 737 F.2d 94, 99 (D.C.Cir.1984). This showing is "necessary to prevent corporations from shielding their business transactions from discovery simply by funneling their communications through a licensed attorney." *Avianca,* 705 F.Supp. at 676. The information contained in Mr. Mengel's affidavit does not clearly demonstrate that the information which plaintiff seeks to protect was given in Mr. Siegel's professional legal capacity.[1] As plaintiff has not sustained its burden, objections numbered 1, 2, 3, 5, 6, 8, 9 and 10 are stricken.

■ Plaintiff's seventh objection relates to a question seeking information regarding a letter sent from the plaintiff to the defendants. Communications transmitted to third parties are not protected by the attorney-client privilege. *United States v. Rockwell International,* 897 F.2d 1255 (3d Cir.1990); *Super Tire Engineering Co. v. Bandag, Inc.,* 562 F.Supp. 439 (E.D.Pa.

---

1. The affidavit recites Mr. Mengel's "belief" and "information and belief". Belief, no matter how sincere, is not *personal knowledge and facts* which would be admissible in evidence during the trial of a case. *Lark v. West,* 182 F.Supp. 794 (D.D.C.1960), *aff'd,* 289 F.2d 898, *cert. denied,* 368 U.S. 865, 82 S.Ct. 114, 7 L.Ed.2d 63 (1961); Fed.R.Civ.P. 43(e); *see also Lowe v. Philadelphia Newspapers,* 594 F.Supp. 123 (E.D.Pa. 1984).

1983). Therefore, objection number 7 is stricken.

Plaintiff's fourth objection was asserted with respect to a question seeking Mr. Siegel's personal opinion. Mr. Siegel may be asked and must respond to inquiries about opinions formed from his direct observations. *See In re Sealed Case*, 737 F.2d 94 (D.C.Cir.1984). Thus, objection number 4 is stricken.

An appropriate Order follows.

## ORDER

Now, this 10th day of October, 1990, upon consideration of Defendants' Motion to Strike Plaintiff's Objections to Deposition Questions of June 28, 1990 and Defendants' Request for Sanctions, the Memorandum of Law in support thereof (Document No. 28), Plaintiff's Response and accompanying Memorandum of Law (Document No. 30), and the Reply Briefs of Plaintiff and Defendants (Document Nos. 31 and 32), IT IS ORDERED that:

1. Defendants' Motion to Strike Objections is GRANTED.

2. Plaintiff's objections are STRICKEN.

3. Plaintiff is hereby directed to make Harold A. Siegel, Jr. available for redeposition within twenty (20) days of the date of this Order so that the terms of this Order can be satisfied.

4. Defendants' Request for Sanctions is DENIED in part and GRANTED in part.

5. Defendants' request for fees and costs for the retaking of the Siegel deposition is GRANTED. Defendants shall file an affidavit of all fees and costs ten (10) days after the deposition is completed.

6. Defendants' request for fees and costs incurred in filing this motion is DENIED.

7. Failure to comply with this Order will result in added sanctions by the Court.