SECURITIES AND EXCHANGE COM-
MISSION, Petitioner-Appellee,

v.

Jack W. SAVAGE, and National Com-
modity Research & Statistical Serv-
ice, Inc., Respondents-Appellants.

No. 74–1290.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 27, 1974.

Decided March 17, 1975.

David F. Silverzweig, Harry G. Fins,
Chicago, Ill., for respondents-appellants.

Lawrence E. Nerheim, Gen. Counsel,
Walter P. North, Associate Gen. Counsel,
SEC, Washington, D. C., John I. Mayer,
SEC, Chicago, Ill., for petitioner-appel-
lee.

Before HASTIE*, Senior Circuit
Judge, and PELL and TONE, Circuit
Judges.

PER CURIAM.

This appeal has been taken from an
order of the district court that directed
National Commodity Research and Sta-
tistical Service (hereinafter, "NAT-
COM") and its president, Jack Savage, to
comply in all respects with a subpoena
*duces tecum* issued by the Securities and
Exchange Commission (hereinafter,
"SEC"). The subpoena required Savage
to appear personally and listed by cate-
gory and called for the production of a
great quantity of business records of
NATCOM.

The Securities Act and the Securities
Exchange Act authorize administrative
investigations of suspected violations of
those statutes. 15 U.S.C. § 77t(a) and
§ 78u(a) & (b). The latter section, paral-
leling the former, provides: "The Com-
mission may, in its discretion, make such
investigations as it deems necessary to

---

* Senior United States Circuit Judge William H.
Hastie of the United States Court of Appeals
for the Third Circuit, sitting by designation
pursuant to 28 U.S.C. § 294(d) (1970).

determine whether any person has violated or is about to violate any provision of this chapter or any rule or regulation thereunder . . .." And, in so doing, "the Commission . . . is empowered to . . . subpena witnesses, compel their attendance, take evidence, and require the production of any . . records which the Commission deems relevant or material to the inquiry".

In November, 1973, pursuant to the above cited statutory authority, SEC had undertaken a formal private investigation to determine whether NATCOM's acts or practices in connection with "commodity futures contracts" that it offered or sold to its customers involved violations of the registration requirements and the anti-fraud provisions of the federal securities laws. The challenged subpoena issued in furtherance of that investigation.

■ From the beginning the essential contention of the appellants has been that SEC must establish its "jurisdiction" by showing that appellants' commodity futures contracts are "securities" within the meaning of the Securities Act before they can be compelled to obey the subpoena. However, the very purpose of the present investigation is to examine the appellants' course of business in detail and with particularity, a procedure which, in the above quoted language of the statute, "the Commission . . . in its discretion . . . deems necessary" to determine whether the present law is applicable to and is being violated by appellants' transactions. Thus, the appellants would require SEC to answer at the outset of its investigation the possibly doubtful questions of fact and law that the investigation is designed and authorized to illuminate.

The courts should not frustrate the Commission's performance of its legislatively assigned and specified responsibility by imposing any such requirement. In Oklahoma Press Publishing Co. v. Walling, 1946, 327 U.S. 186, 216, 66 S.Ct. 494, 509, 90 L.Ed. 614, an analogous situation led the Supreme Court to observe

that the administrative agency's "investigative function, in searching out violations with a view to securing enforcement of the Act, is essentially the same as the grand jury's, or the court's in issuing other pretrial orders for the discovery of evidence, and is governed by the same limitations". Accordingly, the Court said that such an inquiry must not be "limited . . . by . . . forecasts of the probable result of the investigation". To the same effect, see United States v. Powell, 1964, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112; United States v. Morton Salt Co., 338 U.S. 632, 642–43, 70 S.Ct. 357, 94 L.Ed. 401.

In two recent cases the Court of Appeals for the Second Circuit has refused to impose upon SEC just such a burden in justification of an investigative subpoena as appellants would have us impose here. Securities and Exchange Commission v. Brigadoon Scotch Distributors, Ltd., 1973, 480 F.2d 1047, cert. denied 415 U.S. 915, 94 S.Ct. 1410, 39 L.Ed.2d 469; Securities and Exchange Commission v. Wall Street Transcript Corp., 1970, 422 F.2d 1371. In our view those cases were correctly decided.

■ Separately, appellants complain that the subpoena's demand for records is so comprehensive that it's enforcement could seriously and unreasonably disrupt NATCOM's business. Certainly a mass removal of business records currently in use could have that effect. However, counsel for SEC has assured this court that some records can adequately be examined without removal from NATCOM's place of business and that any removal of others will be organized and scheduled in cooperation with NATCOM to minimize disruption of business.

We have no reason to doubt the good faith of those assurances. However, if particular demands for production or removal of records should threaten unwarranted disruption of NATCOM's business, appellants shall be free to ask the district court for appropriate protective restrictions. Securities and Exchange

Commission v. Wall Street Transcript Corp., *supra,* at 1381.

We find no merit in any other contention advanced by appellants but not discussed in this opinion.

The judgment is affirmed.

Affirmed.