**XYZ LAW FIRM, a partnership,**
**Plaintiff,**

v.

**FEDERAL TRADE COMMISSION,**
**Defendant.**

**Civ. A. No. C81–1656A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 18, 1981.

Herbert P. Schlanger, Atlanta, Ga., for plaintiff.

Kathie G. McClure, Asst. U. S. Atty., Atlanta, Ga., Harold E. Kirtz, Regional Director, F. T. C., Washington, D. C., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case arises under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, under which the Federal Trade Commission seeks to investigate the XYZ law firm to determine whether it engages in debt collection activities violating the Act. The FTC issued a civil investigative demand (CID) requiring the law firm to provide certain information about its practices. Resisting the demand, XYZ filed in this court a motion for an injunction, arguing that the FTC is without authority to investigate the law firm under the Act's exemption for certain attorneys. The FTC has moved the court to dismiss the complaint for failure to exhaust administrative remedies and for failure to state a claim. The two motions were a subject of hearings held October 20 and November 12, 1981, and come on now for decision.

The court will GRANT the motion of the FTC and DISMISS the complaint.

The FTC is a federal agency authorized to enforce the Fair Debt Collection Practices Act, which outlaws certain debt collection tactics. By statute, a violation of the FDCPA is deemed to be a violation of the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*, and the FTC's powers under the FTC Act may be employed to enforce compliance with the FDCPA.

Under 15 U.S.C. § 57b–1(c)(1), the FTC may issue civil investigative demands requiring persons possessing information relevant to possible violations to produce documents or answer questions. One to whom a CID is directed may petition the Commission for an order modifying or setting aside the demand. 15 U.S.C. § 57b–1(f)(1). The Commission's Rules govern the issuance of CIDs, and under section 2.7(d) of the rules one may file a petition to quash or to limit a CID and may assert privileges and objections thereto. If a party subject to a CID, having obtained an unfavorable Commission response, fails to comply with the CID, the CID is not self-enforcing but the Commission must bring suit in federal court for enforcement. 15 U.S.C. § 57b–1(e). There, the CID defendant may raise such objections and defenses to enforcement as it may have.

Under the FDCPA, "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client" is excluded from the definition of the term "debt collectors" to whom the Act applies. 15 U.S.C.

§ 1692a(6)(F). This is the exemption claimed by XYZ.

Our inquiry under the FTC's motion to dismiss is whether XYZ is properly in court. The general rule is clear that the subject of an administrative proceeding must exhaust his administrative remedies before coming into court. There is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter." *Myers v. Bethlehem Ship Building Corp.*, 303 U.S. 36, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938). (Footnotes omitted). *See Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 214, 66 S.Ct. 494, 508, 90 L.Ed. 614 (1946); *The Babcock and Wilcox Co. v. Marshall*, 610 F.2d 1128, 1137–1139 (3rd Cir. 1979); *Bokat v. Tidewater Equipment Co.*, 363 F.2d 667, 671 (5th Cir. 1966).

■ The exhaustion requirement is applicable to FTC investigatory proceedings. *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Casey v. FTC*, 578 F.2d 793 (9th Cir. 1978). It would seem reasonable here to require exhaustion of administrative remedies, since. XYZ may raise before the FTC all arguments it could raise here. Moreover, if XYZ is not successful, the FTC may not enforce its civil investigative demand without an order to that effect from this court, where XYZ may again raise its defenses and objections.

What XYZ claims now is the right to be free even from investigation. In short, it argues that its status as a law firm prohibits the FTC even from investigating its activities. This argument was concisely stated by counsel for XYZ at the October 20th hearing: "What we are arguing is not that we're within the exception in the law but that the FTC has no authority even to determine whether we are within the exception to the law, that they have no statutory or constitutional right, no power, no

jurisdiction to determine whether a law firm is acting as a lawyer, that that determination can only be made by the State Bar and the Supreme Court of the State."

In short, XYZ seeks to fit itself within certain recognized exceptions to the rule requiring exhaustion of administrative remedies. Four such exceptions were set forth in the *Coca Cola Company v. FTC*, 475 F.2d 299 (5th Cir. 1973). The two exceptions claimed by XYZ are the exception where an agency has clearly exceeded its authority, and the exception for the assertion of a non-frivolous constitutional right. The two exceptions are parts of the same argument, which is that the FTC must of necessity be preparing to determine whether XYZ is acting "as an attorney" within the meaning of the act's exemption, and that this must involve the FTC in defining the practice of law, which is a matter outside the jurisdiction of the legislative or executive branch, but one entrusted to the state judicial branch. XYZ argues that under *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), Congress has no authority to authorize any agency to force upon the state a specific method of making essential decisions about the conduct of integral government functions.

■ The short answer to that argument is that this case has little if anything to do with defining the practice of law, and therefore plaintiff's argument based on allegations of "exceeding authority" and "constitutional claim" must fail. It is not necessary for this court or for the FTC to decide whether the practice of law is exactly co-extensive with the functions of an attorney acting "as an attorney on behalf of and in the name of a client." The Seventh Circuit in a comparable case has said it well in *FTC v. Shaffner*, 626 F.2d 32 (7th Cir. 1980), in which an attorney, Shaffner, argued that by virtue of the statutory exclusion the FTC had no jurisdiction even to investigate him. The Seventh Circuit stated: "While the statute clearly excludes 'any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client' from the definition of a 'debt collec-

tor,' it does not state that an attorney, by reason of mere possession of a license to practice law, is not subject to the compulsory process of the FTC. The statutory exclusion does not merely say 'any attorney-at-law,' it says 'any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client.' While the exclusion is not a narrow one, it is readily apparent that Congress did not intend to vest in every attorney a right to be free from investigation. Needless to say, many who hold licenses to practice law, do not practice law, but engage in other businesses. We do not believe Congress intended to shield one debt collection business from investigation simply because it is owned by an attorney, while subjecting other debt collectors to scrutiny by the FTC. The compulsory process of the FTC may be used to determine whether an attorney is in fact acting as an attorney practicing law, or in some other capacity." *Id.* at 36.

Similarly, this court would add that there is nothing in the Act which prohibits the FTC from requesting from a law firm enough information to determine whether, for example, non-attorneys are involved in the debt collection process. The mere fact that XYZ is a law firm does not imply that everyone associated with it is an attorney, much less that each person is an attorney acting in every case as an attorney on behalf of and in the name of a client.[1] In asserting a total freedom even from being investigated, XYZ claims too much,[2] and, having chosen to base its case on a claim that the FTC is totally without jurisdiction even to investigate it, XYZ must lose. The law firm concedes that if it does have to justify itself as coming under the exception to the Act, then the way to proceed is administrative.

XYZ law firm cites the case *FTC v. Miller*, 549 F.2d 452 (7th Cir. 1977). That case is significantly different from this, as there the FTC conceded that Morgan was a common carrier, and the statute in question exempted common carriers even from being investigated. The present act is quite different. In effect, the FTC here has jurisdiction to investigate to determine its own jurisdiction. *Cf. FTC v. Gibson*, 460 F.2d 605 (5th Cir. 1972).

Finding that XYZ law firm has an adequate remedy in administrative proceedings, this court will not interfere judicially with the FTC's pre-enforcement investigative procedures. *Atlantic Richfield Co. v. FTC*, 546 F.2d 646, 648–649 (5th Cir. 1977).

*National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), are cited by XYZ in support of its general position. Those cases, concerning the interface between essential state functions and federal regulation, do not bear meaningfully on the issue of FTC power to investigate, which is involved here.

Accordingly, the motion of the FTC, that this complaint be dismissed for failure to exhaust administrative remedies, is GRANTED.

---

1. The agency issue arguably involved here has not been addressed by either party.

2. The FTC also claims a great deal. The information requests in the C.I.D. are, at least in part, extensive, intrusive and arguably irrelevant.