**McLAUGHLIN, Secretary of Labor,\* Petitioner–Appellant,**

v.

**SERVICE EMPLOYEES UNION, AFL–CIO, LOCAL 280, Respondent–Appellee.**

No. 87–6597.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 1988.

Decided March 30, 1989.

As Amended on Denial of Rehearing and Rehearing En Banc July 17, 1989.

---

\* Ann D. McLaughlin, the current Secretary of Labor, is substituted for former Secretary Brock. *See* Fed.R.App.P. 43(c)(1).

Michael Kimmel, U.S. Appellate Staff, Washington, D.C., for petitioner-appellant.

Victor J. Van Bourg and Sandra Rae Benson, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for respondent-appellee.

Before FLETCHER, ALARCON and HALL, Circuit Judges.

ALARCON, Circuit Judge:

The Secretary of Labor (Secretary) appeals from portions of the final judgment in this matter granting the application of the Service Employees Union, AFL–CIO, Local 280 (Local 280), requesting a protective order. We must decide whether a district court may restrict an administrative agency's discretion concerning a congressionally authorized investigation of a union's records in the absence of any evidence that issuance of a protective order is necessary to protect the first amendment rights of the Union and its members. We reverse those portions of the protective order appealed by the Secretary.

I

PROCEDURAL BACKGROUND

The district court did not conduct an evidentiary hearing in this matter. The facts were presented to the court through declarations filed by the parties.

On March 31, 1986, a member of Local 280 contacted Steven Stecher, an investigator in the Los Angeles area Office of Labor Management Standards, Department of Labor, to report the misuse of credit cards by union officers. The union member informed Stecher that an investigation by a five-member committee found that the union's credit cards were misused, financial records were blacked out, and other relevant documents were withheld by officers of Local 280. According to the informant, the union dropped the inquiry because the practice has been discontinued.

On April 30, 1986, the Los Angeles Area Administrator of the Labor–Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 401–531, began an investigation of Local 280 pursuant to Section 601(a) of the LMRDA, 29 U.S.C. § 521(a) (1982 & Supp. III 1985 & Supp. IV 1986). The purpose of the investigation was to determine whether Local 280 had violated the LMRDA.

On February 26, 1987, the Acting Area Administrator of the Department of Labor issued a subpoena duces tecum requiring Local 280's custodian of records to appear at the Office of Labor–Management Standards on March 13, 1987, and to bring with him receipt and disbursement journals; travel and expense vouchers and supporting documentation for all officers; bills and receipts for all credit card purchases including Security Pacific Master Card, PSA, Shell, Texaco, Mobil or other accounts; bank statements and cancelled checks; payroll records; sick pay or missed day records; monthly or quarterly reports to SEIU International for the period from January 1, 1981 through June 30, 1986; and minutes of executive board and membership meetings and all bylaw changes from January 1, 1981 through June 30, 1986; Local 280's policies regarding salaries, fringe benefits, use of credit cards, and auto and travel expenses of officers in effect during the period from January 1, 1981 through June 30, 1986.

Local 280 refused to comply with the subpoena. Instead, Local 280 offered to make all the records identified in the subpoena, including the minutes of its meetings, available if the Secretary would agree that review of those documents would be limited to the terms set forth in the protective order issued by Judge William H. Orrick of the United States District Court for the Northern District of California in an unrelated case involving a different union. *Brock v. Local 194, United Brotherhood of Carpenters and Joiners of America,* No. C–86–098–MISC (WHO), N.D.Calif. (orders of Oct. 15 and Dec. 11, 1986) (unpublished) (Ninth Circuit No. 87–1682 [Department of Labor's appeal voluntarily dismissed].)

The Secretary declined the offer. On May 19, 1987, the Secretary filed a petition in the district court to enforce the subpoena. Local 280 filed its answer on July 8, 1987. The answer alleged *inter alia* that the petition should be denied because "[t]he relief sought is over broad [sic] and if granted would violate the First Amendment rights of the Respondent and its members." In support of its answer to the petition for enforcement of subpoena duces tecum, Local 280 filed the declaration of Mr. Victor J. Van Bourg, attorney for the union. In a separate pleading, Local 280 filed an application for the issuance of a protective order concerning the union's minutes of general, special, and executive board meetings in the event that the district court should grant the petition for enforcement of the subpoena duces tecum.

Oral argument was presented on July 27, 1987. No additional declarations or oral testimony were submitted by Local 280 in support of its application for a protective order. The Secretary argued that the court should deny the application for the protective order because "there is no demonstrated need for it. Therefore, we don't see any reason for the Court to enter it." After the Secretary had finished presenting his objections to a protective order patterned after the one issued by Judge Orrick, the district court announced its decision without hearing from counsel for Local 280.

The district court granted the petition to enforce the subpoena duces tecum and the application for a protective order. The government's attorney offered to meet with opposing counsel to attempt to draw up a protective order acceptable to both sides. The court directed counsel to step into the hall and to try to agree on the terms of the protective order. Counsel were unable to agree on the proposed order. On August 3, 1987, the Secretary submitted a proposed order. On September 11, 1987, the district court signed the following order drafted and submitted by Local 280.

## PROTECTIVE ORDER

This matter came on for hearing on July 27, 1987 at 10:00 a.m. in Courtroom 16 of the above-entitled Court by way of Petitioner's Petition for Enforcement of Subpoena Duces Tecum and Respondent's Application for a Protective Order. The Court, having considered the papers in support of and in opposition to the Petition and Application, the arguments of the parties at hearing, and the other papers on file in this action, hereby ORDERS, ADJUDGES and DECREES that:

1. The Petitioner's Petition for Enforcement of Administrative Subpoena is granted and the documents called for in the Subpoena Duces Tecum shall be produced within seven days of the date of this Order at the office of Labor–Management Standards, U.S. Department of Labor, at Room 708, 3660 Wilshire Boulevard, Los Angeles, California 90010.

2. Respondent's Application for a Protective Order with respect to the Local Union's Minutes of general, special and executive board meetings is granted. The Secretary and/or his designated agent or agents (no more than five), shall be granted access to the Minutes and shall be allowed to review the Minutes in their entirety, and (a) shall list those portions of the Minutes that he or she believes are relevant to the investigation in this case, (b) shall be allowed to copy those portions, and (c) shall then immediately return the original Minutes to the Respondent along with a list of the portions of the Minutes that the Secretary, and/or his agent or agents, have copied. The five designated agents shall be the investigator in this case, the investigator's supervisor, the OLMS Deputy Area Administrator, a representative of the Solicitor of Labor, and the OLMS Director of Field Operations. (If, prior to the review of the Minutes, the Petitioner wishes to modify this Order to designate different agents as those authorized to review the Minutes, it may submit an application for modification to this Court.)

3. The Secretary and/or his agent or agents shall be allowed to review the Minutes in their entirety in the presence of Respondent or its representative.

4. Access to the original Minutes and the copies of the Minutes shall at all times be limited to the five persons designated above, and neither the minute entries themselves nor any information derived therefrom shall be distributed or made available to any other persons or entities without prior leave of this Court.

5. During the course of the investigation, if the Secretary is served with a Freedom of Information Act request, which request would cover Respondent's Minute Entries, the Secretary shall advise Respondent and its attorneys of record of such request prior to complying with such request, and Respondent and/or its attorneys shall have the opportunity to oppose such requests.

6. At the time when the Secretary would otherwise destroy the copies of the Minutes in his possession, pursuant to the applicable document retention and disposition states, regulations and schedules, he shall instead return said copies to Respondent.

The Secretary challenges all of the restrictions imposed by the protective order except for the restriction regarding FOIA notification (# 5 in the district court's order) and the restriction regarding the return of copied union materials (# 6 in the district court's order). Local 280 did not appeal from the order granting enforcement of the subpoena duces tecum.

## II

### JURISDICTION

Subject matter jurisdiction in the district court was based on 29 U.S.C. § 521(b), 15 U.S.C. § 49 (1982), 28 U.S.C. § 1331 (1982), and 28 U.S.C. § 1345 (1982). The district court ordered the enforcement of the Secretary of Labor's administrative subpoena. "An order of a District Court enforcing an administrative subpoena is final and ripe for review." *United States Environmental Protection Agency v. Alyeska Pipeline*

*Service Co.*, 836 F.2d 443, 445 (9th Cir. 1988).

## III

## STANDARD OF REVIEW

■ We review a district court's determination to issue a protective order imposing restrictions on an administrative subpoena for abuse of discretion. *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 38 (7th Cir.1980); *Federal Trade Commission v. Lonning*, 539 F.2d 202, 211 (D.C.Cir. 1976).

There are no disputed issues of fact in this matter regarding the validity of the protective order. In fact, as will be developed below, no facts were presented by Local 280 in support of its argument that:

> [U]nless a protective order is issued with respect to the Local Union's Minutes, the First Amendment rights of freedom of speech and freedom of association of the Local Union and its members will be adversely affected.

We are required to reverse for abuse of discretion if a district court errs in its application of the law. *Ackerley Communications, Inc. v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir.), *cert. denied*, 472 U.S. 1028, 105 S.Ct. 3503, 87 L.Ed.2d 634 (1985).

## IV

## DISCUSSION

■ While Local 280 does not challenge the order enforcing the subpoena duces tecum, we believe a short summary of the broad powers granted by Congress to the Secretary to investigate labor unions will further our discussion of the validity of the protective order. Section 521(a) provides as follows:

The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this chapter (except subchapter II of this chapter) to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this chapter and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation.

29 U.S.C. § 521(a). The Secretary may issue a subpoena for the production of any documentary evidence relating to an investigation under Section 521(a).[1] *Id.* at § 521(b). The Secretary is not required to demonstrate that probable cause exists to launch a LMRDA investigation. *Marshall v. Stevens People and Friends for Freedom*, 669 F.2d 171, 176 (4th Cir.1981), *cert. denied*, 455 U.S. 940, 102 S.Ct. 1432, 71 L.Ed.2d 651 (1982); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 642–43, 70 S.Ct. 357, 363–64, 94 L.Ed. 401 (1950) (FTC investigatory and subpoena powers deemed analogous to grand jury powers and agency may investigate merely on suspicion that law is being violated).

It is evident from reading the LMRDA that Congress intended that the Secretary exercise broad authority in investigating labor unions. "[A] district court has *no general* supervisory jurisdiction over the course of executive investigations." *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir.1978) (emphasis added). As discussed below,

---

**1.** Section 521(b) provides as follows:

> For the purpose of any investigation provided for in this chapter, the provisions of sections 49 and 50 of Title 15 (relating to the attendance of witnesses and the production of books, papers, and documents), are hereby made applicable to the jurisdiction, powers, and duties of the Secretary or any officers designated by him.

29 U.S.C. § 521(b).

Section 49, provides in pertinent part:
[The Secretary] shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence [of a union under investigation]....
[T]he production of such documentary evidence[ ] may be required from any place in the United States, at any designated place of hearing.

15 U.S.C. § 49.

upon a proper showing, however, a district court may intervene to protect the constitutional rights of the target of an investigation.

■ Local 280 argues that the protective order must be sustained because disclosure of union minutes would chill the exercise of first amendment rights. We agree that an investigation by the Secretary of the minutes of union meetings implicates first amendment rights. *See Brock v. Local 375, Plumbers Int'l Union of America, AFL–CIO*, 860 F.2d 346, 349 (9th Cir.1988) (an investigation by the Secretary of Labor into a voluntary fund, which acts "either independently or as an arm of the Union," can infringe upon first amendment associational rights). Nevertheless a district court may not intervene in an investigation, notwithstanding an allegation of interference with speech and associational rights, in the absence of a prima facie showing of actual past or threatened infringement. *See United States v. Trader's State Bank*, 695 F.2d 1132, 1133 (9th Cir.1983) (per curiam) (a party must make "a prima facie showing of arguable first amendment infringement, [and] the government must show a rational connection between the disclosure required by the summons and a legitimate governmental end" before a district court will reach the merits of a motion to quash a summons). A prima facie showing of first amendment infringement requires that the Union demonstrate: "(1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights." *Brock*, 860 F.2d at 350.

Local 280 failed to make any factual showing of past or threatened first amendment infringement. Local 280 offered the declaration of one of its attorneys in support of its application for a protective order. The declaration contains argument—not facts—concerning the impact of an unrestricted administrative review of the minutes of union meetings. The declaration recounts the history of counsel's long standing dispute with the Secretary concerning the necessity for a protective order to limit access and disclosure of union records.

■ Bare allegations of possible first amendment violations are insufficient to justify judicial intervention into a pending investigation. The record must contain "objective and articulable facts, which go beyond broad allegations or subjective fears." *Id.* at 350 n. 1; *see also St. German of Alaska E. Orthodox Cath. Ch. v. United States*, 840 F.2d 1087, 1093 (2nd Cir.1988) (Internal Revenue Service investigation of contributions to church); *In re Grand Jury Proceeding*, 842 F.2d 1229, 1235–36 (11th Cir.1988) (grand jury investigation of possible violations of tax laws); *Local 1814, Int'l Longshoremen's Ass'n, AFL–CIO v. Waterfront Comm'n of New York Harbor*, 667 F.2d 267, 271 (2nd Cir. 1981) (labor union and its political action committee sought to enjoin disclosure of payroll deduction authorizations to Waterfront Commission); *United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir.1980) (Internal Revenue Service investigation of association dedicated to limited government and opposed to the Internal Revenue Service.

The Secretary has promulgated regulations restricting the disclosure of subpoenaed documents to government officials "who have a 'need to know' the information involved in order to take appropriate action." U.S. Department of Labor, Office of Labor–Management Standards Enforcement Manual, p. 10–1 (Mar. 3, 1981). No showing was made by Local 280 that these regulations have failed or would fail to protect documents produced in response to a subpoena duces tecum from improper disclosure.

## CONCLUSION

■ We are persuaded that the district court erred as a matter of law in concluding that it had the authority to issue a protective order restricting the use of documents subpoenaed by the Secretary in the absence of any facts demonstrating actual or threatened disclosure in violation of the Constitution, the LMRDA, or the Secretary's nondisclosure regulations. Thus, the

district court abused its discretion in issuing the protective order. Accordingly, those portions of the protective order appealed by the Secretary are vacated. Our decision does not preclude the district court from receiving additional evidence on the First Amendment issues in this case or undertaking such other proceedings as it deems appropriate to a determination of whether the union can establish a prima facie case of first amendment infringement.