29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant-Appellant,
v.
Gerald D.W. NORTH, President of North & Barron, a
Professional Corporation, Respondent-Appellee.
 No. 93-15101.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted as to Appellant June 17, 1994.
Submitted on the Briefs as to Appellee* June 17, 1994.
Decided July 11, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Equal Employment Opportunity Commission ("EEOC") appeals the denial of enforcement by the district court of its subpoena requesting North & Barron, a law firm, to produce certain documents and information concerning the firm's hiring processes. We reverse and remand.
 
 I.
 
 3
 "[W]hether the district court correctly limited the scope of judicial inquiry in [an agency] subpoena enforcement proceeding is a question of law, reviewable de novo...." EPA v. Alyeska Pipeline Serv. Co., 836 F.2d 443, 445-46 (9th Cir.1988). The district court declined to enforce the EEOC's subpoena relying on 15 U.S.C. Sec. 49 of the Federal Trade Commission Act, made applicable to the Age Discrimination in Employment Act by 29 U.S.C. Secs. 209, 211, and 626(a), which gives the district court discretion to issue an order requiring, among other things, the production of documents in cases of contumacy or refusal to obey a subpoena.
 
 
 4
 We hold that the district court applied an incorrect standard in deciding not to enforce the subpoena. Although the district court was correct that it has discretion to deny enforcement of a subpoena, we enunciated the proper standard of judicial scrutiny in cases involving administrative agency subpoenas in EEOC v. Children's Hospital Medical Center of Northern Nevada, 719 F.2d 1426 (9th Cir.1983) (en banc). In Children's Hospital, we stated that, "The scope of judicial inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow." Id. at 1428. The relevant questions to be addressed by the court are: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Id. Once this determination is made, the court must enforce the subpoena "unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." Id. (citations omitted).
 
 
 5
 North & Barron does not dispute that the above three prerequisites were satisfied. The district court failed, however, to consider whether the subpoena was overbroad or unduly burdensome. Without this factual determination in the record, we are unable to determine whether the court erred in refusing to enforce the subpoena.
 
 
 6
 In addition, if on remand the district court concludes that the subpoena was not overbroad, the court should address the issue of a protective order. North & Barron requested a protective order from the court previously, but because the court denied enforcement, it did not address the request. Without a record available on the protective order request, we are unable to determine whether the court abused its discretion. See McLaughlin v. Service Employees Union, 880 F.2d 170, 174-76 (9th Cir.1989).
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This case was submitted on the briefs without oral argument as to appellee on June 17, 1994 because of his failure to appear for argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3