**Reversed and Remanded and Majority and Dissenting Opinions filed June 30, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00012-CV

---

### TARA MENON, Appellant

### V.

### WATER SPLASH, INC., Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 13-CV-0205**

---

### O P I N I O N

Appellant, Tara Menon ("Menon"), appeals the trial court's default judgment granted after she failed to answer the suit filed by appellee, Water Splash, Inc. ("Water Splash"). In four issues, Menon contends that the trial court erred in refusing to set aside the default judgment because state law cannot allow service of process in foreign nations where the service does not comport with the requirements of the Hague Service Convention. We reverse and remand.

## I. Background

Menon is a citizen of Canada, residing in Quebec. Water Splash is a Delaware corporation with its principal office located in Champlain, New York. Water Splash sued Menon in Galveston, Texas. In its original petition, Water Splash alleged that Menon was its regional sales representative and that Menon also began to act as a sales manager for South Pool, a competitor of Water Splash. Sometime in 2012, Water Splash discovered that South Pool had used some of Water Splash's designs and drawings when submitting a bid to the City of Galveston for the construction of splash pads at two parks. A year later, Water Splash sued South Pool and Menon for unfair competition, conversion, tortious interference with business relations, and conspiracy.

To effectuate service, Water Splash filed a motion for alternative service of process pursuant to Texas Rule of Civil Procedure 108a. *See* Tex. R. Civ. P. 108a. The motion requested that the trial court order service on Menon in Quebec, Canada, by "first class mail, certified mail, and Federal Express to Menon's address" and "by email to each of Menon's known email addresses." The trial court granted the motion.

After Menon did not file an answer or otherwise appear, Water Splash moved for default judgment alleging it had diligently sought service on Menon utilizing the methods allowed for substituted service. The motion stated that service was accomplished by sending a letter to Menon's Quebec address by certified mail, return receipt requested and first class mail, and Water Splash introduced evidence of those attempts at service. Water Splash also alleged that Menon's emails proved she knew of the existence of the suit. The trial court granted the motion for default judgment against Menon and awarded actual and exemplary damages and attorneys' fees.

2

Menon filed a motion for new trial seeking to set aside the default judgment because service was not accomplished pursuant to the terms of article 10(a) of the Hague Service Convention. Water Splash responded, arguing Rule 108a was an acceptable form of alternative service. The trial court denied Menon's motion for new trial.

## II. ANALYSIS

In four interrelated issues involving the interpretation of particular words in the Hague Service Convention, appellant attacks the trial court's grant of default judgment and denial of her motion for new trial.

### A. Standard of Review

We review a trial court's denial of a motion for new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009). A trial court abuses its discretion if it reaches a decision without reference to any guiding rules or principles, or acts in an arbitrary or unreasonable manner. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Stevens v. Anatolian Shepherd Dog Club of Am., Inc.*, 231 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Absent waiver, a trial court lacks personal jurisdiction over a defendant to whom citation has not been "issued and served in a manner provided for by law." *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In a direct appeal from a no-answer default judgment, there is no presumption of valid issuance, service, and return of citation. *See id*. (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884. 836 (Tex. 1985)) (per curiam). Thus, a default judgment cannot withstand a direct attack unless the record affirmatively shows strict compliance with the rules for service of citation. *Primate Constr., Inc. v. Silver*,

3

884 S.W.2d 151, 152 (Tex. 1994) (per curiam).  Whether a trial court has personal jurisdiction over a defendant is a question of law, which we review *de novo*. *Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476, 479 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

## B.     Hague Convention

Articles 2 through 7 of the Hague Convention require a signatory nation to establish a "Central Authority" which acts as an agent to handle various matters regarding requests for service, service of documents and proof of service.  Article 10(a) of the Hague Convention, at issue here, states:

> Provided the State of designation does not object, the present Convention does not interfere with
>
> (a) the freedom to *send* judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent person of the State of origin to effect *service* of judicial documents directly through the judicial officer, officials or other competent persons of the State of designation,
>
> (c) the freedom of any person interested in a judicial proceeding to effect *service* of judicial document directly through the judicial officers, officials, or other competent persons of the State of destination.

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 10, No. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, *available at* http:www.hcch.net/index_en.php?act=conventions.text&cid=17 (last visited June 22, 2015) ("Hague Convention").  The question before us turns on the meaning attributed to "send" and "service."

Where it applies, compliance with the provisions of the Hague Convention is "mandatory."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988).  Its purpose is to provide a more efficient and effective manner of

4

service of process abroad and to ensure that defendants sued in foreign jurisdictions receive timely notice of suit. *Id*., at 699; *see also Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 383 (5th Cir. 2002). In *Nuovo*, plaintiff attempted service by mailing service of process to the defendant's office in Italy. *See Nuovo*, 310 F.3d at 383. Arguing that service by mail violated Fed. R. Civ. P. 4(f)(1) because it did not comply with the Hague Convention, the defendant urged that the drafters used the term "send" in connection with the delivery of judicial documents, but used "serve," "service," and "to effect service" in other sections, including article 10. *Id*. The *Nuovo* court discussed how other courts have construed "send" and determined that, because "service" was used throughout the Hague Convention while "send" was confined solely to article 10(a), this demonstrated that the drafters did not "intend to give the same meaning to 'send' that they intended to give to 'service.'" *Id.* at 384. In short, the drafters intended to attach meaning to the specific word used. *See id.*

The Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, art. 1. The Hague Convention "preempts any inconsistent methods of service prescribed by Texas law in all cases where the Convention applies." *Wuxi Taihu Tractor Co, Ltd. v. York Group, Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at \*5 (Tex. App.—Houston [1st Dist.] Dec. 4, 2014, no pet.) (mem. op.) (citing *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. Civ. A. 3:99-CV-2004P, 2000 WL 251731, at \*4 (N.D. Tex. Mar. 3, 2000) (concluding service was effective where secretary of state forwarded a copy of service of process to defendant pursuant to Texas law, and Japan did not object to this manner of service).

## C.    Application of article 10(a)

Menon argues the default judgment should not have been rendered because she was not served with process.  *See* Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service . . . .").  Menon further asserts that Water Splash did not effectuate service under Rule 108a, providing for service in a foreign country "pursuant to the terms of any treaty or convention," because she was not served pursuant to the Hague Convention service of process provisions.  She argues "the drafters use the words 'serve,' 'service,' and 'to effect service' in other sections, including subparts (b) and (c) of article 10," but they only used the word "send" in subsection (a), which applies only to sending judicial documents.  *See Nuovo*, 310 F.3d at 383.

Water Splash argues that article 10(a) allows service of process by mail, and relies on the "majority view" which holds that article 10(a) allows service of process by mail, so long as the state of destination does not object.[1]  Courts following this view include the Second, Fourth, Seventh and Ninth Circuits.[2]

We conclude that the better-reasoned approach is to follow the so-called "minority view" which adheres to and applies the meaning of the specific words used in article 10(a) and prohibits service of process by mail.

---

[1]  Canada has not objected to the use of the mail for service of process.  *See* Canada–Central Authority & Practical Information, HAGUE CONF. OF PRIVATE INT'L. L., http://www.hcch.net/index_en.php?act=authorities.details&aid=248 (last updated Aug. 19, 2014) (listing the text of Canada's declarations, including those to "[t]ransmission through postal channels," and stating that "Canada does not object to service by postal channels" as permitted in article 10(a)); *see also Dierig v. Lees Leisure Indus., Ltd.*, CIV.A. 11-125-DLB, 2012 WL 669968, at *19 (E.D. Ky. Feb. 28, 2012) (mem. op.).

[2]  *Ackermann v. Levine*, 788 F.2d 830, 838–39 (2nd Cir. 1986); *Koehler v. Dodwell*, 152 F.2d 304, 307–08 (4th Cir. 1998); *Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002); and *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004).

'Absent a clearly expressed legislative intention to the contrary,' a statute's language 'must ordinarily be regarded as conclusive.' *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct 2051, 64 L.Ed.2d 766 (1980). And because the drafters purposely elected to use forms of the word 'service' through the Hague Convention, while confining use of the word 'send' to article 10(a), we will not presume that the drafters intended to give the same meaning to 'send' that they intended to give to 'service.'

*Nuovo*, 310 F.3d at 384 (relying on canons of statutory interpretation and adopting the reasoning of the courts which concluded that article 10(a) of the Hague does not permit service of process by mail); *see also Bankson v. Toyota Motor Corp.*, 880 F.2d 172, 174 (8th Cir. 1989) (stating that language used should be regarded as conclusive and concluding that article 10(a) prohibits service of process by registered mail); *see also Wuxi Taihu Tractor*, 2014 WL 6792019, at *6 (citing *Nuovo*, 310 F.23d at 384). *Wuxi* involved service on a defendant located in China attempted under Rule 108a. *Id.* The *Wuxi* court held that article 5 of the Hague Convention does not permit service by direct mail to a defendant in China who should have been served through the Central Authority pursuant to the specific language of the Hague Convention. *Id.*

Because the purpose of the Hague Convention is to "ensure that plaintiffs deliver notice to foreign addressees in sufficient time to defend the allegation," we are not persuaded that the drafters did not intend what they wrote, particularly where the Hague Convention describes other methods of service. *See Nuovo*, 310 F.3d at 385. Specifically, articles 2 through 7 provide for service of process through a central authority and, under articles 8 and 9, through diplomatic channels. "It is unlikely that the drafters would have put in place these methods of service . . . while simultaneously permitting the uncertainties of service by mail." *Id*.

Further, other federal district courts in Texas which considered whether service of process by mail, under article 10(a) as involved here, or under article 5 which allows service through a central authority, have ruled consistently that service must be effectuated by the specific methods authorized by the terms included in the Hague Convention. *See Duarte v. Michelin N. Am., Inc.*, No. 2:13-CV-00050, 2013 WL 2289942, at \*4–6 (S.D. Tex. 2013) (considering question of service by mail on the secretary of state and determining, following *Nuovo*, that service by mail not authorized under the Hague Convention) (citing *Berezowsky v. Ojeda*, No. 4:12-CV-03496, 2013 WL 150714, at \*7 (S.D. Tex. 2013) (holding service was not effectuated under articles 2-5 which allows service of process under the Hague Convention through Mexico's Central Authority, demonstrating court's adherence to the specific meaning of the words used in the Hague Convention); *L.K. v. Mazda Motor Corp.*, No. 3:09-cv-469-M, 2009 WL 1033334, at \*2 (N.D. Tex. 2009) (holding service under article 5 was not effective because Japanese requirement that service be transmitted to the Central Authority was not met); *Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508, at \*2 (W.D. Tex. 2008) (holding service not effective because, under article 5, the Hague Convention required full translation of documents into Japanese and without complying with specific Hague Convention requirements, service was insufficient).

Further, in addition to *Wuxi*, two other state courts have considered whether the specific words used in the Hague Convention have specific meanings regarding service of process or sending of judicial documents. *See In re J.P.L.*, 359 S.W.3d 695, 706 (Tex. App.—San Antonio, 2011, pet. denied) (holding that service of process in a child custody matter must be accomplished through the provisions of the Hague Convention and service on the Central Authority in Mexico); *Velasco v.*

*Ayala*, 312 S.W. 3d 783, 794 (Tex. App.—Houston [1st Dist. 2009, no pet.) (relying on article 10(a) and *Nuovo* and concluding that service of process must be accomplished pursuant to the requirements of the Hague Convention).

In sum, we conclude the specific provisions set forth in the Hague Convention govern service, whether through article 5 and its reliance on a central authority, or on the language expressed in article 10(a).

For these reasons, we sustain appellant's four issues, reverse the trial court's default judgment and permanent injunction against Tara Menon, and remand for further proceedings consistent with this opinion.

/s/    John Donovan
       Justice

Panel consists of Justices Christopher, Donovan, and Wise (Christopher, J., dissenting).